UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANDREA WESTMORELAND,

                           Plaintiff,

                  v.

WAWONA PACKAGING COMPANY, LLC and
BJ'S WHOLESALE CLUB, INC.,

                           Defendants.

**MEMORANDUM & ORDER**
16-CV-5981 (MKB) (RLM)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Andrea Westmoreland commenced the above-captioned action on April 23, 2015 in New York State Supreme Court, Kings County. (Notice of Removal ¶ 1, Docket Entry No. 1.) The Complaint alleges that Defendants Wawona Packaging Company, LLC ("Wawona") and BJ's Wholesale Club, Inc. ("BJWC") negligently packaged and distributed Sweet2Eat nectarines that, upon ingestion, caused Plaintiff to suffer severe injury. (Compl. ¶¶ 15, 18, annexed to Notice of Removal as Ex. 5.) On October 27, 2016, BJWC removed the action to federal court in the Eastern District of New York. (*See* Notice of Removal.) After reviewing the Notice of Removal, Chief Magistrate Judge Roanne L. Mann filed a report and recommendation on November 7, 2016 (the "R&R"), recommending that the Court *sua sponte* remand the action to New York State Supreme Court, Kings County. (R&R 1, Docket Entry No. 8.) Defendants filed objections to the R&R on November 25, 2016, one day after the deadline for filing objections imposed by Judge Mann. (*See* Defs. Obj. to R&R ("Defs. Obj."), Docket Entry No. 9.) Plaintiff did not respond to Defendants' objections. Despite Defendants' untimely

filing, the Court considers the objections and, for the reasons set forth below, adopts the R&R in its entirety. This case is remanded to the Supreme Court of New York, Kings County.

## I.   Background

### a.   Procedural background

Neither the summons nor the Complaint, filed April 23, 2015, specified the amount of Plaintiff's damages. (*See id.* ¶¶ 42, 49, 58, 65, 71, 83.) On June 4, 2015, BJWC filed an answer and a demand for Plaintiff's claimed damages. (Answer, annexed to Notice of Removal as Ex. 4.) Despite three follow-up letters that BJWC sent on July 16, August 14 and October 30, 2015, Plaintiff failed to respond to BJWC's demand until September 30, 2016. (*See* Letters to Pl. for Demand of Damages, annexed to Notice of Removal as Ex. 6; Resp. to Def. Discovery Demands, annexed to Notice of Removal as Ex. 3.) At that point, Plaintiff claimed damages of five million dollars. (Resp. to Def. Discovery Demands at 4.)

On October 27, 2016, BJWC removed the action to federal court. (*See* Notice of Removal.) In its Notice of Removal, BJWC asserted that federal jurisdiction is proper because the parties are diverse and because Plaintiff seeks damages exceeding $75,000. (*Id.* ¶ 16.) BJWC also acknowledged that it sought removal more than one year after Plaintiff filed the Complaint, in contravention of 28 U.S.C. § 1446(c)(1) and § 1446(c)(3)(B), but argued that the Court should excuse BJWC's untimely removal because Plaintiff, in bad faith, caused the delay by failing to respond to the demands for claimed damages. (*Id.* ¶¶ 8, 10–12.) BJWC also noted that "through conversations between [it] and co-defendant Wawona [], consent has been obtained to remove this manner [sic] to Federal Court for the Eastern District of New York . . . ." (*Id.* ¶ 15.)

#### b. **Judge Mann's recommendations**

Judge Mann recommended that the Court remand the action to state court because

Defendants had not complied with the procedural rule of unanimity, which requires that each

defendant independently consent to removal within the statutory thirty-day period after a

Complaint is filed. (R&R 4–5.) Although BJWC contends that it timely removed the action

within thirty days of receiving Plaintiff's September 30, 2016 response to a discovery demand

for claimed damages, pursuant to 28 U.S.C. § 1446(b)(3),[1] Judge Mann found that Wawona

"neither signed the Notice nor filed written consent to removal within thirty days of [P]laintiff's

response, as the rule of unanimity demands." (R&R 4 (citing *Bedminster Fin. Grp., Ltd. v.*

*Umami Sustainable Seafood, Inc.*, No. 12-CV-5557, 2013 WL 1234958, at \*5–7 (S.D.N.Y. Mar.

26, 2013).) Because the thirty-day statutory period has passed, Judge Mann reasoned that

BJWC's failure is fatal to its petition for removal, and remand is warranted. (*Id.*)

---

[1]  28 U.S.C. § 1446(b)(3) provides that:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Defendants argue — and Judge Mann accepted — that BJWC's removal was timely filed under 28 U.S.C. § 1446(b)(3) because Plaintiff's September 30, 2016 response to BJWC's discovery demand was the "paper from which it [could] first be ascertained that the case" could be removable. (*See* R&R 4.) Nevertheless, 28 U.S.C. § 1446(b)(3) specifies that it applies "*[e]xcept* as provided in subsection (c)" (emphasis added), which subsection notes:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by [diversity of the parties] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1). Notwithstanding the lack of evidence to suggest that Plaintiff acted in bad faith to prevent BJWC from removing the action, the Court assumes, for the purpose of this analysis, that Defendants could have timely removed the action until October 30, 2016 — thirty days after Plaintiff responded to BJWC's discovery demand.

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

#### ii. Removal

A defendant may remove a civil action brought in state court to a federal court of original jurisdiction. 28 U.S.C. § 1441(a). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."

*Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human*

*Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).  The party asserting jurisdiction bears the

burden of proving that jurisdiction and procedural requirements are met.  *Cal. Pub. Employees'*

*Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("Where, as here, jurisdiction is

asserted by a defendant in a removal petition, it follows that the defendant has the burden of

establishing that removal is proper."); *see Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291,

296 (2d Cir. 2000).  A notice of removal must allege a proper basis for removal under 28 U.S.C.

§§ 1441–1445.  *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124

(2d Cir. 2007) ("In determining whether jurisdiction is proper, we look only to the jurisdictional

facts alleged in the Notices of Removal."); *Bankhead v. New York*, No. 13-CV-3377, 2013 WL

6145776, at *1 (E.D.N.Y. Nov. 21, 2013) ("An effective petition for the removal of a state action

to federal court must allege a proper basis for the removal under sections 1441 through 1445 of

Title 28." (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y.

Apr. 1, 2002))).

    **b.   Defendants have violated the rule of unanimity**

Defendants object to Judge Mann's R&R in its entirety, arguing that although BJWC

filed the Notice of Removal without attaching Wawona's written consent to approval, BJWC

may attach that consent to removal now and fulfill the procedural requirement of unanimity.[2]

(Defs. Obj. 2.)  In particular, Defendants argue that the case on which Judge Mann relied —

*Bedminster Financial Group, Ltd. v. Umami Sustainable Seafood, Inc.* — "states that all

---

    [2] Defendants also address other deficiencies that Judge Mann briefly noted but declined
to address in view of the already-fatal violation of unanimity.  (*See* Defs. Obj. 3; R&R 4 n.2.)
Because the Court concludes that the action was improperly removed for lack of unanimity, it
also declines to reach the other potential defects of Defendants' Notice of Removal.

defendants must provide written evidence of consent 'in a timely fashion,'" but "did not write

that all defendants must provide written evidence of consent within the thirty-day removal

window." (*Id*.) According to Defendants, the court in *Bedminster* "provided no definition of

'timely fashion' except to say that filing an affidavit several months after the Notice was not

timely." (*Id.*) Defendants annex to their objections a letter from Wawona consenting to

removal, (*see* Wawona Consent Letter, annexed to Defs. Obj. as Ex. 3), and contend that because

the letter was filed "within the timeframe for objections set out by Judge Mann,"[3] they have met

their obligation to obtain timely unanimous consent of removal, (Defs. Obj. 3).

The Second Circuit has noted with approval that district courts "have consistently

interpreted the [removal] statute as requiring that all defendants consent to removal within the

statutory thirty-day period, a requirement known as the rule of unanimity." *Pietrangelo v. Alvas

Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (citation and internal quotation marks omitted). Within

this Circuit, the law is clear that, with rare exceptions not relevant here, "each defendant [must]

submit some form of unambiguous written evidence of consent to the [c]ourt within the thirty-

day period." *Bedminster*, 2013 WL 1234958, at *6 (quoting *In re Vill. of Kiryas Joel, N.Y.*, No.

11-CV-8494, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012)); *see also Snakepit Auto., Inc.

v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196 (E.D.N.Y. 2007) (remanding where co-

defendants did not join the removal notice within the 30-day limit on removal); *Burr ex rel Burr

v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432 (S.D.N.Y. 2006) (remanding for untimely

notice of removal where removal notice attached affidavit from one defendant stating that the

---

[3] Defendants did not, in fact, file the letter "within the timeframe for objections set out by Judge Mann," as Wawona's consent was filed with Defendants' objections on November 25, 2016. (Defs. Obj. 3; *see* R&R ("Any objection to this R&R must be filed with the Honorable Margo K. Brodie by <u>November 24, 2016</u>." (emphasis in original)).)

other defendant consented to removal, and the court did not receive written consent from co-defendant until after the 30-day limit for removal had expired); *Novick v. Bankers Life Ins. Co. of N.Y.*, 410 F. Supp. 2d 98 (E.D.N.Y. 2006) (remanding where one defendant failed to file a written consent to removal within 30-day period, holding that neither a statement in the notice of removal that tardy defendant had orally consented to removal nor affidavits expressing consent filed after 30-day period satisfied the rule of unanimity).

Not only do Defendants provide no legal support for their contention that parties seeking removal need only provide consent in a "timely fashion," (R&R 2), but they affirmatively misstate the holding of *Bedminster*, (*see id.* ("The [c]ourt in *Bedminster*, however, did not write that all defendants must provide evidence of consent within the thirty-day removal window.")). Defendants assert, without citation, that *Bedminster* "states that all defendants must provide written evidence of consent 'in a timely fashion'" but "provide[s] no definition of 'timely fashion' . . . ." (Defs. Obj. 2–3.) The Court has not found any such language in *Bedminster*, which expressly rejects the proposition Defendants ascribe to it. Rather, the *Bedminster* court discussed a case cited by the defendants in support of their view that "an affidavit in which defendants indicate their consent to removal, even if filed after the time to petition for removal has passed, will cure a defect of non joinder to the notice of removal." *Bedminster*, 2013 WL 1234958, at *7 (citing *Sicinski v. Reliance Funding Corp.*, 461 F. Supp. 649, 652 (S.D.N.Y. 1978)). The court noted that *Sicinski* "has repeatedly been called into doubt[,]" *id.* (collecting cases), and instead held that, "in line with a body of clear and settled precedent, . . . even where the removing defendant represents to the [c]ourt that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the [c]ourt with their unambiguous written consent to

removal within the thirty-day period." *Id.* (citation and internal quotation marks omitted).

Assuming that Defendants could have timely filed for removal until October 30, 2016, *see supra* n.1, the failure to file Wawona's express consent to removal until November 25, 2016 is incurable.[4] *See Bedminster*, 2013 WL 1234958, at *6 ("The failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." (quoting *Kiryas Joel*, 2012 WL 1059395, at *3)). As Judge Mann correctly noted, "[c]ourts have very little discretion — if any — to forgive a failure to comply with the rule of unanimity." (R&R 3 (quoting *Bedminster*, 2013 WL 1234958, at *5).)

## III. Conclusion

For the foregoing reasons, the Court adopts Judge Mann's R&R in its entirety. This case is remanded to the Supreme Court of the State of New York, Kings County.

SO ORDERED:

<u>      s/ MKB        </u>
MARGO K. BRODIE
United States District Judge

Dated: December 8, 2016
Brooklyn, New York

---

[4] Indeed, it is not clear whether Wawona's letter, which is addressed to BJWC and not to the Court, would satisfy unanimity requirements even if it had been timely filed. *See, e.g.*, *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) ("Although we have not yet advised what form a consent to removal must take, we agree with the district court that the remaining defendants must independently express their consent to removal." (citing *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998))); *Kleinman v. Ozdemir*, No. 13-CV-7530, 2014 WL 1327979, at *2 (S.D.N.Y. Apr. 2, 2014) ("Under the stringent unanimity rule, removal is permissible only if each 'defendant . . . either actually join[s] in a notice of removal or independently express[es] to the [c]ourt his or her consent to removal within the thirty-day period." (first two alterations in original) (citing *Bedminster*, 2013 WL 1234958, at *6); *Codapro Corp.*, 997 F. Supp. at 326 ("[I]t is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the [c]ourt on its behalf.").